[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13140
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cr-00045-MP-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG CHARLES BOLLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 1, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Craig Bolles appeals his 170-month sentence, imposed after he plead guilty

to one count of conspiracy to distribute and to possess with intent to distribute an

undisclosed quantity of 3,4-Methylenedioxymethamphetamine ("MDMA")

between 1997 and 2002, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Bolles contends his sentence should be reversed and his case remanded for new sentencing because the district court erred by applying a two-level leadership-role enhancement under U.S.S.G. § 3B1.1(c) based on his direction and control over his personal driver, Franciscus Hartanto, whom Bolles claims was not a participant in the offense within the meaning of the Guidelines.  Because we agree that the government failed to establish that Hartanto was a participant in the charged conspiracy when he acted as Bolles's driver, we conclude that the district court erred in applying the enhancement.[1]

To qualify for the leadership-role enhancement under § 3B1.1(c), the commentary to the Guidelines states that "the defendant must have been the organizer, leader, manager, or supervisor of one of more other participants." U.S.S.G. § 3B1.1, cmt. n.2.  "Participant" is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Id. cmt. n.1.  Although we review a sentencing court's determination of a defendant's role in a crime for clear error,  United States v. Nadiaye, 434 F.3d

---

[1] Bolles also contends that his sentence must be reversed because of constitutional and statutory error under United States v. Booker, 543 U.S. 220 (2005).  As we reverse Bolles's sentence as a result of the enhancement error, we need not resolve this claim because Bolles will have the full benefit of 18 U.S.C. § 3553(a) and the advisory nature of the sentencing guidelines upon resentencing. Pepper v. United States,  ___ U.S. ___, 131 S. Ct. 1229, 1251 (2011) (noting that "an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence ... so that, on remand, the trial court can reconfigure the sentencing plan ... to satisfy the sentencing factors in 18 U.S.C. § 3553(a)") (internal quotation marks omitted).

2

1270, 1304  (11th Cir. 2006), "[t]he district court's application of § 3B1.1 to determine that a person is a "participant" is a question of law that we review <u>de novo</u>." <u>United States v. Williams</u>, 527 F.3d 1235, 1249 (11th Cir. 2008).  Here although Bolles exercised control over Hartanto to the extent of directing Hartanto where to drive him, the question before us is whether Hartanto's conduct as Bolles's chauffeur made him criminally responsible for the conspiracy.

To be criminally responsible as a participant in a conspiracy, there must be "(1) an agreement between two or more persons to commit a crime, and (2) the [participant's] knowing and voluntary participation in the conspiracy." <u>United States v. Ohayan</u>, 483 F.3d 1281, 1292 (11th Cir. 2007).  The record here fails to demonstrate, by a preponderance of the evidence, that when Hartanto chauffeured Bolles there was either an agreement to transport drugs or that Hartanto knowingly and voluntarily participated in transporting drugs.  <u>See</u> <u>United States v. Lawrence</u>, 47 f.3d 1559, 1566 (11th Cir. 1995) (holding that when a defendant challenges one of the factual bases of his sentence the Government has the burden to establish the disputed fact by a preponderance of the evidence).

Bolles maintained that he hired Hartanto simply because he did not have a license and needed someone to drive him from place to place, including for his legitimate business affairs.  He admitted that while sometimes he would engage in drug transactions while Hartanto was driving him, Hartanto was not his "courier"

3

because Bolles exerted no control or influence over Hartanto in connection with these drug transactions.  To rebut Bolles's explanation, the government called the lead agent on the case, who testified that Hartanto reported that he had been hired by Bolles because Bolles did not have a driver's license, and that although Hartanto "suspected" that drugs were involved in a number of his trips with Bolles, that Hartanto never saw any drugs himself.  This testimony, without more, is insufficient to prove by a preponderance of the evidence that Hartanto knowingly agreed to transport drugs as part of the conspiracy such that he was criminally responsible for the commission of the offense.

We therefore vacate and remand for resentencing.  Additionally, the district court's written judgment incorrectly reflects that Bolles was convicted of a cocaine offense, as well as MDMA.  On remand, the district court should correct the clerical error in the judgment. [2]

**VACATED AND REMANDED FOR RESENTENCING.**

---

[2] The final written judgment reflects Bolles's conviction for conspiracy to distribute and to possess with intent to distribute more than five kilograms of a mixture or substance containing cocaine and a quantity of MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(C), and 846, when he was actually convicted only of conspiracy to distribute and to possess with intent to distribute an undisclosed quantity of MDMA, in violation of §§ 841(a)(1), (b)(1)(C), and 846.  We may sua sponte raise the issue of clerical errors in the judgment and remand with instructions to the district court to correct the errors.  United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006), and we do so here.